IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AARON VAN NEUBARTH,

      Petitioner,

v.

JEFF PREMO,

      Respondent.

Case No. 6:16-cv-00178-HZ

OPINION AND ORDER

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Kristen E. Boyd, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Manslaughter, Attempted Murder, and Assault in the Second Degree. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#20) is denied.

## BACKGROUND

In 2002, petitioner lived with his father and four step-siblings. On April 24 of that year, petitioner and his father began to argue. The disagreement escalated and petitioner stabbed his father in the neck, inflicting a non-fatal wound. He also stabbed his eight-year-old step-sister 18 times, killing her. As a result, the Multnomah County Grand Jury indicted petitioner on one count each of Aggravated Murder, Attempted Aggravated Murder, and Assault in the Second Degree. Respondent's Exhibit 102.

On October 10, 2003, the trial court found petitioner unable to aid and assist in his own defense and sent him to the Oregon State Hospital for treatment. Following that treatment, the trial court conducted a competency hearing wherein it determined that petitioner was competent to aid and assist. Petitioner proceeded to a jury trial on a defense of partial responsibility predicated upon his mental illness. On November 10, 2005, the jury convicted him of Assault in the Second Degree as charged in the Indictment, and the lesser included offenses of Attempted Felony Murder and Manslaughter in the First Degree. The trial court imposed consecutive sentences totaling 280 months in prison. Trial Transcript, pp. 3934-3936.

2 - OPINION AND ORDER

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Neubarth*, 237 Or. App. 275, 240 P.3d 1141 (2010), *rev. denied*, 349 Or. 654, 249 P.3d 543 (2011).

Petitioner proceeded to file for post-conviction relief ("PCR") in Marion County where the PCR court granted the State's summary judgment motion. Respondent's Exhibits 163-165. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Neubarth v. Premo*, 268 Or. App. 717, 344 P.3d 567, *rev. denied*, 357 Or. 164, 351 P.3d 53 (2015).

On February 23, 2016, petitioner filed this federal habeas corpus case. The court appointed counsel to represent him and, with the assistance of appointed counsel, petitioner filed an Amended Petition containing the following grounds for relief:

**Ground I:** The trial court deprived Mr. Neubarth of his Fourteenth Amendment right to due process when it refused to grant transactional immunity to a defense witness.

**Ground II:** The trial court deprived Mr. Neubarth of his Fourteenth Amendment right to due process, and his Sixth Amendment right to an impartial jury, when it failed to conduct an inquiry into, and failed to remedy juror bias involving a juror who made case-related statements to the local media.

**Ground III:** Petitioner was denied effective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights as follows:

    A. Petitioner's initial trial attorney failed to secure Petitioner's appearance as a witness before the Grand Jury;

3 - OPINION AND ORDER

> B. Trial counsel was ineffective and inadequate when she refused to submit necessary documents needed secure transactional immunity for testimonial purposes, for Petitioner; and
>
> C. Petitioner's subsequent trial attorneys coerced him to testify at trial.

Amended Petition (#20), pp. 2-3.

Respondent asks the court to deny relief on the Amended Petition because: (1) petitioner has not provided argument in support of Grounds One, Three(A), and Three(B) and, therefore, has not met his burden of proof on them; (2) petitioner failed to fairly present Grounds One and Two to Oregon's state courts, leaving them procedurally defaulted; and (3) to the extent petitioner fairly presented his argued claims (Grounds Two and Three(C)) to Oregon's state courts, those courts reasonably denied relief.

## DISCUSSION

### I. Unargued Claims

In his supporting memorandum, petitioner chooses to brief the merits of only Grounds Two and Three(C). Where petitioner does not argue the merits of his remaining claims, he has not carried his burden of proof with respect to these unargued claims. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims). Even if petitioner had briefed the merits of these claims, the court has examined them based upon the existing record and determined that they do not entitle him to relief.

///
///

4 - OPINION AND ORDER

## II. Exhaustion and Procedural Default

Respondent argues that petitioner failed to properly preserve Ground Two for federal habeas review because he did not properly raise it in Oregon's state courts. A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim

unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

As Ground Two, petitioner alleges that the trial court violated his rights to due process and an impartial jury when it failed to inquire into, and remedy, juror bias involving a juror who made case-related statements to the local media after petitioner's trial. A review of the record reveals that petitioner presented the Oregon Supreme Court with a single claim: whether his convictions for both assault and attempted murder could properly result in consecutive sentences. Respondent's Exhibit 108, p. 13. Because the Petition for Review did not contain petitioner's Ground Two claim, and as the time for presenting those claims to the Oregon Supreme Court passed long ago, Ground Two is procedurally defaulted.

### III. Ground Three(C): Ineffective Assistance of Counsel

#### A. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct,

and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

### B. Analysis

Prior to closing argument in petitioner's criminal trial, he filed a motion seeking a new trial. He personally informed the court that "current counsel has compelled me to testify" and that he felt "cheated out of testimony because I was compelled to

7 - OPINION AND ORDER

testify under the conditions that [petitioner's brothers] were to be thoroughly examined on the stand." Trial Transcript, p. 3681.

Counsel stated that although he "hate[d] to disagree . . . with Mr. Neubarth," he had to "strenuously contradict his thoughts in regard to his being compelled to testify." *Id* at 3682. It was counsel's "clear impression" that petitioner wished to take the stand where "he always maintained that he wanted to tell his side of the story." *Id* at 3682-3683. Counsel was also of the opinion that petitioner's brothers and the church bishop would not have testified in the manner contemplated by petitioner and, even if they did, such testimony would not have been helpful. *Id* at 3683-3684. The court denied petitioner's motion for a new trial "based on the record and the statements of counsel." *Id* at 3686.

Petitioner contends that his trial attorneys coerced him to testify insofar as they did not call the witnesses he anticipated. He claims to have testified in his own defense only because he expected counsel to call his two brothers as well as a bishop from a local church. Without providing specifics, he contends that these witnesses would have testified in a manner that would have bolstered his own testimony.

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test established by the Supreme Court to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, petitioner must show that his counsel's performance fell below an

objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

Petitioner directs the court to the PCR record for support for his claim. During his PCR proceedings, petitioner submitted a Declaration in which he stated that he "had not wanted to testify, but was assured that it would work out when the court heard from [my two brothers] and our LDS bishop. Instead, I was put on the stand and no effort was made to have [them] testify. As such I believe my testimony was coerced." Respondent's Exhibit 161, p. 8.

Both of petitioner's trial attorneys submitted affidavits to the PCR court on this issue in which they denied coercing

petitioner into testifying at trial. Respondent's Exhibits 157 & 158. One of the attorneys explained:

> 2. My Co-counsel and I did not coerce Aaron Van Neubarth into testifying at trial. We explained to Mr. Neubarth that the decision about whether to testify was solely his decision, and that he did not have to testify in his own defense.
>
> 3. It is amusing and absurd that Aaron would or could claim that anyone would have [b]een able to coerce Aaron to do anything, let alone testify against his wishes. * * *
>
> 6. Throughout the time I represented Aaron he was ironclad in his determination to take the stand to present his defense of transferred intent to the jury and show them that there was absolutely nothing wrong with his mental faculties. * * *
>
> 7. Aaron's adamancy that he was going to testify no matter what anyone advised forced me to build the total defense approach around Aaron taking the stand. I had to make lemonade out of lemons. So we called Aaron to testify, and I used his adamancy to force a psychotic break in the courtroom, so that the jury could see for themselves that they were judging a man who was severely mentally ill. I didn't enjoy the brutality of my questioning of him, but I saw no other path, and I think the resulting verdict vindicates my approach.

Respondent's Exhibit 157, pp. 2-3.

The PCR court resolved the issue as follows:

> Defendant's affidavits establish that petitioner was not forced to testify at trial. In his deposition, petitioner alleges that his decision to testify was influenced by trial counsel's assurances that other witnesses would be presented to the trial. Apparently, petitioner's theory is that if he had known that the other witnesses were not

> going to testify then he would not have
> testified. Petitioner fails to present a
> cogent explanation about why his testimony
> was dependent upon the other witnesses
> testifying. Additionally, Petitioner fails to
> identify in his deposition what prejudice[]
> he suffered as a result of his testimony. The
> only conceivable prejudice this court can
> surmise would be that his testimony was not
> credible. At least under the circumstances of
> this case, such prejudice cannot provide the
> basis for post-conviction relief.

Respondent's Exhibit 164, p. 4.

The totality of the record (including the trial transcript) supports the PCR court's conclusion that petitioner's attorneys did not force him to testify. Although petitioner's attorneys did not call his brothers or the church bishop to also testify, petitioner failed to establish what these individuals would have testified to and how that testimony might have bolstered his own testimony. Counsel's performance therefore did not fall below an objective standard of reasonableness, and even if it did, petitioner fails to demonstrate prejudice. For these reasons, the PCR court's decision denying relief on petitioner's ineffective assistance of counsel claim is therefore neither contrary to, nor an unreasonable application of, clearly established federal law.

///
///
///
///
///
///

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#20) is denied. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 9 day of August, 2017.

Marco A. Hernandez
United States District Judge